# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

RASHAWN E. LEWIS,

           Plaintiff,

 v.                    1:15-CV-166
                         (TJM/ATB)

RICHARD GIARDINO,

           Defendant.

RASHAWN E. LEWIS
Plaintiff, pro se

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court a civil rights complaint, together with an application to proceed in forma pauperis ("IFP"), and a motion for appointment of counsel filed by pro se plaintiff, Rashawn E. Lewis. (Dkt. Nos. 1-3).

## I. <u>IFP Application</u>

A review of plaintiff's IFP application shows that he declares he is unable to pay the filing fee. (Dkt. No. 2). This court agrees, and finds that plaintiff is financially eligible for IFP status.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

II. **Complaint**

Plaintiff has filed his complaint on a form used for employment discrimination cases brought pursuant to Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C.

2

§ 2000e et seq. However, it is clear that plaintiff was not employed by the defendant, and that his only basis for bringing this action would be under 42 U.S.C. § 1983. The court will interpret this action as having been brought under the appropriate statute.[1]

In his complaint, plaintiff alleges he was convicted for Criminal Sale of a Controlled Substance in the Third Degree, and that this was his first felony conviction. (Dkt. No. 1-1 at CM/ECF p.3). Plaintiff claims that defendant Giardino, who is a judge in Schenectady County, gave plaintiff an "excessive sentence," pursuant to which, he was unlawfully imprisoned. (Dkt. No. 1-1 at CM/ECF p.2). Plaintiff claims that his sentence of nine years incarceration with two years of post-release supervision was "illegal" under the "NYS Rocerfela [sic] Law Reform." (*Id.* at 3). Plaintiff states that "there never should have been a 2yr Post Release Supervision." (*Id.*) Plaintiff also claims that the excessive sentence was imposed because he "was black." (*Id.* at 4).

The complaint contains three causes of action, all relating to the allegedly excessive sentence and mistreatment by defendant Giardino. (*Id.* at 5). Plaintiff seeks only money "for [his] relief" in the amount of $100,000.00. (Dkt. No. 1 at CM/ECF p.3; Dkt. No. 1-1 at CM/ECF p. 6).

### III. Judicial Immunity

#### A. Legal Standards

With minor exceptions, judges are entitled to absolute immunity for actions relating to the exercise of their judicial functions. *Mireless v. Waco*, 502 U.S. 9, 9-10

---

[1] *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (pro se papers are interpreted liberally to raise the strongest arguments suggested therein).

(1991). Judicial immunity has been created for the public interest in having judges who are "at liberty to exercise their functions with independence and without fear of consequences." *Huminski v. Corsones*, 396 F.3d 53, 74 (2d Cir. 2004). Judicial immunity applies even when the judge is accused of acting maliciously or corruptly. *Imbler v. Pachtman*, 424 U.S. 409, 419 n.12 (1976) (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). Judicial immunity is immunity from suit, not just immunity from the assessment of damages. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The only two circumstances in which judicial immunity does not apply is when he or she takes action "outside" his or her judicial capacity and when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles*, 502 U.S. at 11-12.

B.  **Application**

Defendant Giardino is a County Court Judge in Schenectady County, who apparently sentenced the plaintiff. Plaintiff seeks to sue Judge Giardino for his allegedly illegal sentence. All of plaintiff's claims relate to the sentencing. Plaintiff does not allege that Judge Giardino acted "in absence" of jurisdiction, but rather that the sentence was illegal under the Rockefeller Drug Reform Law of 2009.[2] Sentencing

---

[2] In 1973, the New York State Legislature passed a series of laws that came to be known as the Rockefeller Drug Laws. *See People v. Brown*, 115 A.D.3d 155, 156 (2d Dep't 2014). In 2004, the Legislature began revising those laws, which provided very harsh sentences for even low-level drug offenders. *Id.* The most recent of the drug reform legislation came in 2009, codified in part in N.Y. Crim. Proc. Law § 440.46, and allows certain offenders who were sentenced under the more harsh statutes to apply for resentencing, under the current less severe sentencing provisions. *Id.* at 156-57. The court assumes that plaintiff in this case is alleging that the defendant's sentence would have been "illegal" under the newer sentencing scheme. The court notes that in *People v. Brown*, the court concluded that a defendant who was on parole was still "in custody" for purposes of applying for resentencing under the new statute. *Id.* at 157-61. Although not a basis for this decision, the court notes that there is no indiction that plaintiff in this case applied for a resentencing in state court.

4

was certainly within the judge's jurisdiction, even if the sentence was later determined to be illegal based upon a subsequent change in the law. "[A]cts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). *See also Tomlins v. Vill. of Wappinger Falls Zoning Bd. of Appeals*, 812 F. Supp. 2d 357, 365 (S.D.N.Y. 2011) (holding that judicial immunity is applied when a government official performs "the function of resolving disputes between parties, or of authoritatively adjudicating private rights." (quoting *Antoine v. Byers & Anderson*, 508 U.S. 429, 435–36 (1993))). Thus, in this case, the doctrine of judicial immunity precludes plaintiff's action against defendant Giardino. This is true even though plaintiff alleges in a conclusory manner that the imposition of sentence was racially motivated.[3] *See Stump v. Sparkman*, 435 U.S. 346, 356 (1978) (judicial immunity applies even though the acts are alleged to have been taken maliciously or corruptly). Thus, plaintiff's complaint against Judge Giardino must be dismissed with prejudice.

## IV. Appointment of Counsel

Plaintiff has moved for appointment of counsel. (Dkt. No. 3). Given this court's recommendation that this case be dismissed with prejudice based upon absolute immunity, any motion for appointment of counsel is denied as moot.

**ORDERED**, that plaintiff's application to proceed IFP (Dkt. No. 2) is

---

[3] The court would also point out that there is no basis for plaintiff's conclusory allegation that the defendant's sentence, which apparently was only illegal based upon a change in the law, was in any way racially motivated. Conclusory allegations are insufficient to state a claim under section 1983. *See Rivera-Powell v. New York City Bd. of Elections*, 470 F.3d 458, 470 (2d Cir. 2006).

**GRANTED FOR PURPOSES OF FILING ONLY**, and it is

**RECOMMENDED**, that this action be **DISMISSED IN ITS ENTIRETY**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii-iii) based on absolute immunity and failure to state a claim, and it is

**ORDERED**, that plaintiff's motion for appointment of counsel (Dkt. No. 3) is **DENIED AS MOOT**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: February 18, 2015

*[signature]*
Hon. Andrew T. Baxter
U.S. Magistrate Judge